Okay, so our last case for argument, United States v. McCray, Daniel Hillis. May it please the court, counsel, my name is Daniel Hillis. I'm with the Federal Public Defender's Office and I represent Mr. McCray on this appeal. He raises three issues. The first is the most central. Because the supervised release condition confining him to the halfway house was not validly imposed via section 3583E2, the modification process was invalid, the condition was improper, and it could not, then, the condition be the basis for a valid revocation. Before modifying, a district court must consider eight factors that are listed in section 3553A, and nothing in the record shows that the district court did this. We have record proof that it's at R32. The district court's order states none of those eight factors as a basis for the modification. Also, since the halfway house condition adversely impacted Mr. McCray, the district court had to hold a Rule 32.1 hearing unless Mr. McCray waived it. The district court had to, during the revocation, excuse me, rather, during the revocation proceedings, there was never a signed waiver form. Subsequently, and on appeal, the district court has authorized the government to supplement the record to include a signed copy, but that was never evidenced when we filed the appeal and was never evidenced during the revocation. I don't think the government should be able to come in the district court proceedings by offering a document on appeal, and that's exactly what they've done here. Without a valid waiver, the condition couldn't be imposed, and proof of a valid waiver had to be in evidence at the revocation at the time of the revocation decision. Beyond that, signed form couldn't have resulted in a valid waiver because it did not state all of the rights that my client had that he would then be waiving by signing form, and we cite a First Circuit case on the specific issue, and it says that if you don't know what all your rights are, you cannot validly waive them, and that's the exact circumstance here with the waiver form. Irrespective of the government's now-delayed effort to tender a signed document, the waiver form, even in signed form, is invalid, and it shouldn't be accepted. Moving on, then, to the second point, to revoke a person's supervision, the person has to either personally admit a violation, enter a nolo contendere, or there has to be a finding with sufficient proof by the government that the person violated the condition. There was no personal admission in this case. There was only a statement by the attorney, and that doesn't cut it under LeBlanc, and we cited that case in our brief. There was not an entry of a nolo contendere, so by default, this falls into the third category, and that's why we made the contentions that we did about due process and the right to confront the adverse witness, about the government's burden of proof, that it had to go on the district court then, on the basis of a contested proceeding, and establish the evidence in that fashion. The government didn't do that. Instead, the government says, the attorney said the guy violated the condition, but again, LeBlanc says that that's inadequate, and there's reason for that. There should be a colloquy, there should be something akin to a Rule 11, where the individual admits what he did wrong, and that is consistent with LeBlanc, at least by way of the analogy, and LeBlanc, in any event, says about the necessity of the admission personally from the individual defendant, and it, again, never happened in this case. What is the admission? I mean, he was put in the halfway house, I guess he called it, because there's no place else to stay, isn't that what it came down to? The probation office made that representation. We don't really know. We have a person, my client's in jail, he wants to get out. They present him with a form in some fashion, it's a power dynamic, he wants to get out, he wants to please his probation officer, whatever the case is, the form gets signed, but again, it's never tended to the district court, there's never an inquiry about how the form came into being, what were the circumstances, and again, I really have to emphasize, because it wasn't presented to the district court, it shouldn't be relied upon now, it was a defective proceeding because there was not a valid waiver form. He was there for a couple of months, right, or three months or something? He was committed for 37 months, as I recall. What do I mean to this, halfway house? One hundred and eighty days, yes. Okay, and he left after what, three months? He left after a short period of time, but again, that's our position that the condition was never validly in effect. He went there, I don't know that he had, what options he had that was never presented, but I think it's important to note to you. What does it mean to live in a halfway house? What does it mean to live in a halfway house, Your Honor? Yeah. You're there with a bunch of other people who are transitioning out of a prison, you're under strict rules about things that you can and can't do, when you can leave. Is there work release? No, there was not work release. It's an official period of confinement, essentially. I have to confess, when I was in the State Senate I actually sponsored a halfway house thing, and I thought back then, this is over 30 years ago, that there was some purpose in a halfway house where you were confined for the night, but you went, found a job, and did something during the day, and then came back. Yes, I'm sorry, I'm distinguishing that from work release for remaining in a penal facility. So I don't know, maybe the definition of a halfway house has varied since then, or maybe it's... No, you have an option. You are encouraged to go look for a job, save your money, find suitable residence. Yeah, you don't do that staying in the state, hey, halfway house, you got to go somewhere during the day, I guess. Yes. And I guess you just tell somebody where you're going, and then you go. Right. He didn't tell anybody where he was going after three months. No, he left. That's absolutely true. That's what the evidence was. But again, it's about whether the condition was valid in the first place, and that's our concern here. It was the government's burden. We don't think it met its burden. We think that the condition was never validly in effect. Isn't there something that's got to go back? The government concedes, and we appreciate the concession, that the supervised release condition requiring my client to provide notice to third parties about risks associated with this character, and so forth, those be disclosed. And again, we are grateful for the government's concession. But yes, it has to go back on that. Do we know when it goes back what it's supposed to say as opposed to what it does say? The government's made a suggestion. Is the correction simple? In my view, the simplest thing is not to impose the condition. Let it be the probation officer's responsibility if they think the gentleman poses a risk to contact people, and I think the government's taken a similar position. Let it be on the probation office as opposed to the burden. That's what you want. It's not on him to notify, it's the probation officer's supposed to do it. Right. He's got a role. That's a simple, I mean, that's a change that has to go back for. Is that what you understand? It does, but that's a far cry from the relief that we would ask for. I understand that. But yes, absolutely. We're talking about whatever, at least you've got to agree on something. We'll hear from them a little bit. Right, right. Well, we agree on that. Unless the court has questions about anything else, I reserve the balance of my time. Okay, thank you Mr. Ellis. Thank you. Mr. Bendy? Good afternoon, may it please the court. The defendant agreed to the imposition of the 180-day stay at Halfway House. He signed the waiver form. The waiver form is properly before this court. The government moved to supplement the record. It's something that was presented to the district court. We made clear in the motion to supplement the record on appeal that the purpose under Federal Rule of Appellate Procedure 10 of supplementing the record is not to fill gaps that were left by the parties in the district court, but rather to have the record reflect what actually happened. So there's no, you know, illusion in the district court about the fact that the probation officer recommended the imposition of this condition. That's why it's in the record on appeal and that's why we've included it in our appendix. So the defendant agreed to the condition. He waived a hearing. The form contains a waiver provision and he signed the form and he waived the condition. His lawyer twice during the revocation proceeding told the district court that her client had voluntarily agreed to the condition. So the condition is valid and there's no question that the defendant violated it. And so the decision on revocation needs to be affirmed. The defendant cites this court's case. Where is he now and for how long? He was, I'm not sure what institution he's in, but he's in the Bureau of Prisons. He's in custody. The two years of custody with a year of supervised release to follow. I'm not exactly sure when his release date is. So it is two years. It's two years and he was taken into custody when he was arrested on this violation which would have been late September, early October of 2015, so about a year ago. So he's about a year in custody since his arrest on this revocation. There is no violation. There is no requirement either in this court's decision in the LeBlanc case or anywhere else that the defendant must personally address the court. There's nothing similar to Rule 11 that's grafted on to Rule 32.1 and the decision in LeBlanc does not say otherwise. So the imposition of the condition was proper. It was agreed to. The violation of the condition is our position that the district court's decision violating the supervised release should be affirmed. He's 60 something, right? Age? He was, yeah, he's mid-60s, like 66 I think. Okay, thank you. Thank you. Mr. Hillis? Just to observe, the form was, the signed form was never in the record. I specifically requested the district court, the probation office, to send me the exact copy of the form that was in evidence at the time of the revocation. I got a blank copy. The signed form? You got what? A blank copy, an unsigned form. I see. The signed copy was introduced through the Rule 10 proceeding, which we never had Mr. McRae appointed counsel on. They hurried up and had this hearing. I don't know if that unsigned form was in the district court record. It appears that it was in the signed copy, was in the probation officer's files, but again it's a belated effort to bring an executed form to court to prove the validity of the condition and that's too late. Also, again, the district court had to consider the It did not. The district court had to rely on a waiver form if it were to do so that explained all my client's rights. The form did not. First Circuit case I think is dispositive on this issue of this court and I'd encourage it to endorse that same rationale. And then lastly, my client got two years. He got the statutory max. The guideline range was up to 13 months. I think it was on the low end of 6 to 12, 7 to 13, something along those lines. My client came in. The government wanted essentially within the guideline sentence my client asked for the low end if there was in fact a violation. The judge sent him off for two years and so everything about this was irregular. Nothing about this was right and I think that relief should be granted. What was his original sentence, Mr. Hollis? 37 months. Yes, and he's 66 years old and he was desperate and left a halfway house under a condition that's suspect and he got tagged for two years, an additional year of supervised release as a consequence. I have nothing further. Okay, thank you very much, Mr. Hollis and Mr. Dendy. And the court will be in recess.